# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-51024
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 25, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE ANGEL RAPPARD-SANCHEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:17-CR-766-1

Before DAVIS, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:*

Jose Angel Rappard-Sanchez appeals the 57-month within-guidelines sentence imposed following his guilty plea conviction for attempted possession with intent to distribute less than 500 grams of cocaine. He argues that the sentence is substantively unreasonable because it is greater than necessary to meet the goals of 18 U.S.C. § 3553(a). Specifically, Rappard-Sanchez contends that he was a "bit player" who should not have been held responsible for more

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

than two kilograms of cocaine; the offense did not involve weapons; and his most serious prior offenses occurred many years ago. Further, he argues that the district court did not adequately consider his advanced age, the poor health of him and his wife, their dependence on disability income, and his motive for committing the offense. Because Rappard-Sanchez preserved the issue by objection, this court reviews the substantive reasonableness of his sentence under the abuse of discretion standard. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

The district court considered the advisory guidelines range, the § 3553(a) factors, the parties' arguments, and Rappard-Sanchez's allocution. His within-guidelines sentence is entitled to a presumption of reasonableness. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009). He has not shown that the district court failed to take into account a factor that should have received significant weight, gave significant weight to an irrelevant or improper factor, or made a clear error of judgment in balancing the sentencing factors. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Rappard-Sanchez's arguments amount to no more than a disagreement with the propriety of the sentence imposed and are insufficient to rebut the presumption of reasonableness. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010). He is essentially asking this court to reweigh the § 3553(a) factors, which is not within the scope of this court's review. *See Gall*, 552 U.S. at 51. Therefore, he has not shown that the sentence imposed by the district court was substantively unreasonable. *See Ruiz*, 621 F.3d at 398; *Cooks*, 589 F.3d at 186.

AFFIRMED.